UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CHRISTOPHER SIMMONS,

                Plaintiff,

-against-

THE SEA GATE ASSOCIATION,
JEFFREY FORTUNATO, and THOMAS
CARCHIDI,

                Defendants.

------------------------------------------------------------X

MEMORANDUM AND ORDER

12-CV-4949 (WFK) (JMA)

**WILLIAM F. KUNTZ, II, United States District Judge**

On July 25, 2013, United States Magistrate Judge Joan Azrack issued a report and recommendation recommending that this Court deny Plaintiff's motion for default judgment and grant Defendants' cross-motion to vacate the entry of default. Dkt. No. 29. On August 8, 2013, Plaintiff timely objected to Magistrate Judge Azrack's recommendation, arguing that Magistrate Judge Azrack had "fail[ed] to closely examine the Maldonado affidavit that was used in support of Defendants' motion." Dkt. No. 30 ("Plaintiff's Objection") at 1. For the reasons set forth below, Magistrate Judge Azrack's report and recommendation is ADOPTED in its entirety.

The facts in this action are meticulously detailed in Magistrate Judge Azrack's report and recommendation, and will not be restated here. *See* Dkt. No. 29.

A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also McGrigs v. Killian*, No. 08 Civ. 6238, 2009 WL 3762201, at *2 (S.D.N.Y. Nov. 10, 2009) (Berman, J.). Under 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal

1

Rules of Civil Procedure, parties may submit "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Where a party submits timely objections to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); s*ee also Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006). "The district court need not, however, specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety." *Morris*, 167 F. App'x at 232.

As articulated in the report and recommendation, the Second Circuit has developed three criteria that principally guide the determination whether to vacate an entry of default: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Magistrate Judge Azrack's report carefully detailed the facts relevant to the parties' motions and methodically considered each of the three criteria in light of the parties' arguments and analogous case law. Ultimately, she concluded that each of the three factors weighed in favor of denying Plaintiff's motion for default judgment and granting Defendants' cross-motion to vacate the entry of default. *See* Dkt. No. 29 at 12.

Plaintiff opposes the report and recommendation on one ground—that the report and recommendation "fail[ed] to closely examine the Maldonado affidavit that was used in support

of Defendants' motion." Dkt. No. 30 at 1. This Court will accordingly review the subject of Plaintiff's Objection *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).[1]

In brief, Defendants claim they failed to respond to the complaint in this action because they held a good faith belief that their insurance carrier had interposed an answer on their behalf. *See* Aff. of Tami Maldonado ("Maldonado Aff."). Although the insurance carrier had sent Defendants a letter denying coverage for the instant lawsuit, *see id.* at ¶ 6, Defendants nonetheless believed the carrier had answered on their behalf because Defendants never received the denial letter, *see id.* at ¶ 7. Defendants attribute their failure to receive the denial letter to Hurricane Sandy, which severely damaged Defendant Sea Gate's offices and rendered that office non-operational for several weeks. *Id.* at ¶ 5–7; *see also* Maldonado Aff., Ex. A (photographs of damage to Sea Gate's office). Plaintiff argues that because Defendant's insurance carrier mailed the letter both by a private courier service, United Parcel Service ("UPS"), and by First Class U.S. Mail, *see* Maldonado Aff., Ex. C, it "is simply inconceivable" that those documents failed to reach Defendant because "[t]he chance of two independent methods of mail delivery failing to reach its destination warrants a closer examination before granting the defendants' cross-motion." Dkt. No. 30 at 1–2.

Contrary to Plaintiff's argument, in light of the damage wreaked on Sea Gate's office, and especially in light of the fact that plaintiff has not set forth any evidence that Sea Gate in fact received its carrier's letter, this Court concludes it *is* conceivable that the letter failed to reach Defendants, notwithstanding the adequacy of its mailing. And, as Magistrate Judge Azrack correctly observed, "[a]lthough defendants' failure to follow-up with [its carrier] may have been

---

[1] In his Objection, Plaintiff articulates one separate and additional argument—that "the Report and Recommendation makes light of the defendants' assertion of Plaintiff's Counsel's lack of candor to the Court." *See* Dkt. No. 30 at 2. Because this argument is not relevant to the subject motions, nor was it relevant to Magistrate Judge Azrack's recommendation that the Court deny Plaintiff's motion for default judgment and grant Defendants' cross-motion to vacate the entry of default, the Court will not further examine it here.

3

negligent or careless, mere negligence does not constitute willfulness sufficient to prohibit vacating an entry of default." *Id.*

For the foregoing reasons, Plaintiff's Objection is overruled and this Court hereby ADOPTS Magistrate Judge Azrack's report and recommendation in its entirety.

**SO ORDERED**

Dated: Brooklyn, New York
October 24, 2013

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge