# TRIVELLA & FORTE, LLP
### ATTORNEYS AT LAW
1311 MAMARONECK AVENUE
SUITE 170
WHITE PLAINS, NEW YORK 10605
(914) 949-9075
FACSIMILE (914) 949-4752

August 14, 2014

**<u>Via ECF</u>**
Honorable William F. Kuntz, II
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  RE: Simmons v. Sea Gate Association, et al 12-CV-04949 (WFK) (JMA)

Dear Judge Kuntz:

  This firm represents the Defendants, Sea Gate Association, Jeffrey Fortunato, and Thomas Carchidi, (hereinafter collectively "Defendants") in the above captioned action. We write pursuant to your Honor's Individual Motion Practice rules to request a pre-motion conference in anticipation of filing a motion for summary judgment.

  On November 4, 2013, Plaintiff filed the Second Amended Complaint in this action alleging that Defendants discriminated against him because of his race and retaliated against him in violation of Title VII of the Civil Rights Act ("Title VII"), the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), and 42 U.S.C. §§§ 1981, 1983 and 1985. The Complaint alleges a number of adverse actions including: (1) delaying his promotion to detective; (2) demoting him to assistant training coordinator; (3) disciplining him for insubordination, sleeping on the job and theft of company time; and (4) terminating his employment.

  Discovery is complete and it is apparent that no reasonable jury could find that Defendants discriminated and/or retaliated against Plaintiff under Title VII, the NYSHRL, the NYCHRL, and/or 42 U.S.C. §§ 1981, 1983 and 1985. *Mohammed v. New York City Dep't of Educ.,* 932 F. Supp. 2d 420, 427 (E.D.N.Y. 2013)("summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party").

  1. **<u>Plaintiff Cannot Establish a *Prima facie* Case of Discrimination By Defendants in violation of Title VII, the NYSHRL, the NYCHRL or 42 U.S.C. §§ 1981 and 1985.</u>**

  All of Plaintiff's discrimination claims are generally analyzed under the *McDonnell Douglas* burden-shifting framework. Under this framework, Plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. *Holcomb v. Iona College*, 521 F.3d 130, 138 (2d. Cir. 2008). To establish a *prima facie* case of race discrimination, Plaintiff must establish that: (1) he was a member of a protected class; (2) he was qualified for the position; (3) he

suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *Holcomb*, 521 F.3d at 138.

Plaintiff cannot demonstrate that the alleged delay in promotion to detective or the alleged demotion to assistant training coordinator which did not result in a change of salary or affect his ability for advancement constitute adverse actions. *See Chukwuka v. City of New York*, 795 F. Supp. 2d 256, 260 (S.D.N.Y. 2011) *aff'd*, 513 F. App'x 34 (2d Cir. 2013)("an actionable adverse employment action is a "materially adverse change in the terms and conditions of employment," such as "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices ... unique to a particular situation.").

Plaintiff also cannot establish that he suffered any adverse actions under circumstances that gave rise to an inference of discrimination. In both the Complaint and his deposition testimony, Plaintiff contends he suffered discrimination originating from his April 2009 report that Pinny Dembitzer, President of the Sea Gate Association, called him a derogatory term during a verbal altercation outside a fire in April 2009. Defendants deny that Mr. Dembitzer used a derogatory term in reference to Plaintiff, but assuming *arguendo* that a derogatory term was used, this single stray remark is insufficient to show an interference of discrimination. The remark is very remote from the actions at issue and there is no causal connection between the remark and these actions. *Buckman v. Calyon Sec.* (USA) Inc., 817 F. Supp. 2d 322, 331 (S.D.N.Y. 2011)("the more remote and oblique the remarks are in relation to the employer's adverse action, the less they prove that the action was motivated by discrimination"). The alleged statement occurred at least one year before the earliest alleged discriminatory action. Moreover, Mr. Dembitzer was not involved in or party to any of the alleged discriminatory actions. Neither Plaintiff's deposition testimony nor the other evidence developed through discovery demonstrate a causal connection between the alleged April 2009 incident and the adverse actions taken. The only alleged connection between these events is Plaintiff's belief that they are related and that he was subject to unlawful discrimination. Plaintiff's belief that he was discriminated against is not supported by any facts or evidence but rests on Plaintiff's opinion that no other reason exists for these actions. Plaintiff's belief is insufficient as a matter of law to establish a *prima facie* case[1]. *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 456 (2d Cir. 1999)(noting that Plaintiff's "[feelings and perceptions] of being discriminated against [are] not evidence" of discrimination.).

Even assuming that Plaintiff could establish a *prima facie* case of discrimination and retaliation Defendants had legitimate non-discriminatory reasons for terminating Plaintiff's employment. Specifically, Plaintiff engaged in continued insubordinate actions involving his superiors that wholly warranted his termination. For example, Plaintiff confronted Mr. Fortunato in a parking lot outside his office and demanded to know whether he would be promoted to detective. After Mr. Fortunato informed Plaintiff that his tone and manner were inappropriate for a subordinate officer to speak to a supervisor and ended the conversation, Plaintiff stormed into Mr. Fortunato's office, slammed the door shut, stated in a loud and disrespectful tone "what is your problem with me" and advised Mr. Fortunato that they could "step outside" and settle their

---

[1] Plaintiff's section 1985 claim rests on the theory that Defendants conspired to violate his § 1981 rights. Accordingly, since Plaintiff cannot establish a *prima facie* claim under § 1981, he cannot state a §1985 conspiracy claim. *See Dilworth v. Goldberg*, 914 F. Supp. 2d 433, 465 (S.D.N.Y. 2012).

dispute. This behavior is discourteous, insubordinate and unacceptable in a paramilitary environment like Sea Gate Police Department. In addition to his continued insubordination, Plaintiff repeatedly violated Sea Gate's policies and procedures. Plaintiff removed training files from Sea Gate without authorization, downloaded and disseminated confidential information without authorization, neglected his duty by sleeping on the job, and committed theft of company time, actions which warranted the termination of Plaintiff's employment. Accordingly, Defendants had legitimate business reasons for terminating Plaintiff's employment.

2. **Plaintiff Cannot Establish a Prima facie Case of Retaliation.**

Defendants are entitled to summary judgment on Plaintiff's claims of retaliation because Plaintiff cannot establish a causal connection between his complaint in 2009 and any of the acts complained of in this matter. Specifically, the temporal proximity between the April 2009 report of Mr. Dembitzer and the alleged acts is too attenuated to infer a retaliatory intent and establish causation. *Chang v. Safe Horizons*, 254 Fed.Appx. 838, 839 (2d Cir.2007) (finding that "almost" one-year gap established insufficient proximity); *Chamberlin v. Principi*, 247 Fed.Appx. 251, 254 (2d Cir.2007) (finding that five-month gap established insufficient proximity. Even assuming that Plaintiff could establish a *prima facie* case of retaliation, for the reasons set forth above, Defendants had legitimate non-retaliatory reasons for the actions complained of herein.

3. **Plaintiff's Section 1983 Claims Must Be Dismissed Because Defendants are Not State Actors.**

It is well settled that 42 U.S.C. § 1983 does not provide for suits against private companies. Here it is undisputed that Defendants are not state actors and thus all claims under Section 1983 must be dismissed. *See Kia P. v. McIntyre*, 235 F.3d 749, 756 (2d Cir. 2000); *Gonzalez v. L'Oreal USA, Inc.*, 489 F. Supp. 2d 181, 186 (N.D.N.Y. 2007).

As set forth above, and as Defendants will further illustrate in a motion for summary judgment if this Honorable Court permits, no reasonable jury could find that Defendants discriminated or retaliated against Plaintiff. Thank you for the Court's attention to this matter.

Respectfully submitted,

TRIVELLA & FORTE, LLP

*/s/Jonathan Bardavid*

Jonathan Bardavid (JB 0072)

cc: Locksley Wade (via ECF).