## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SIMMONS, | *ECF/CM Case* |
| Plaintiff, | |
| v. | Case No.  12-CV-4949 (AMD)(RML) |
| THE SEA GATE ASSOCIATION, JEFFERY FORTUNATO and THOMAS CARCHIDI, | JOINT PRE-TRIAL ORDER |
| Defendants. | |

Pursuant to this Court's December 21, 2015 Order, Section 4 (A) of the Court's

Individual Practices and Rules, and all other applicable rules and laws, the parties submit the

following as their Proposed Joint Pre-Trial Order.

### I.     CAPTION

The full caption of the action is <u>Christopher Simmons v.  The Sea Gate Association,</u>

<u>Jeffery Fortunato and Thomas Carchidi</u>.

### II. TRIAL COUNSEL

The names, addresses, and telephone and fax numbers of trial counsel are:

*Attorney for Plaintiff*    *Attorneys for Defendants*
Locksley O. Wade, Esq.    Jael Dumornay, Esq.
LAW OFFICE OF      Jonathan M. Bardavid, Esq.
LOCKSLEY O. WADE, LLC   Denise Forte, Esq.
11 Broadway, Suite 615    TRIVELLA & FORTE, LLP
New York, NY 10004     1311 Mamaroneck Avenue, Suite 170
(212) 933-9180      White Plains, New York 10605
(212) 933-9181 – Fax     (914) 949-9075
           (914) 949-4752  - Fax

### III. SUBJECT MATTER JURISDICTION

*A. Plaintiff's Jurisdictional Statement*

The court has original jurisdiction over on claims brought under Title VII and § 1981

pursuant to 28 U.S.C. §1331 and Supplement Jurisdiction, pursuant to 28 U.S.C. § 1367, on state

claims brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L.

§290 et seq., the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §8 -

101 et seq.

*B. Defendants' Jurisdictional (or lack of subject matter) Statement*

Defendants acknowledge that this Court has original jurisdiction over Plaintiff's Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. (as amended) and Section 1981, 42

U.S.C. § 1981 claims pursuant to 28 U.S.C. §1331.  Defendants also acknowledge that this Court

has discretion to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to

28 U.S.C. § 1367.  If the Court exercises supplemental jurisdiction over the asserted state law

claims, then upon disposition of the federal claims, the Court should decline supplemental

jurisdiction and dismiss the action without prejudice pending the state law claims.

### IV. SUMMARY OF CLAIMS AND DEFENSES

Plaintiff, Christopher Simmons, brings a claims unlawful termination of employment

because of race and retaliation for complaining about racial discrimination.  Plaintiff's seeks

recovery against the following Defendants and each has asserted the defenses as listed below.

| *Party* | *Claims* |
|---------|----------|
| | |
| Sea Gate Assoc. | *I. Race Discrimination  - Title VII, Section 1981, NYSHRL and NYCHRL*<br><br>A. Plaintiff, an African-American, was an employee in a protected class based on his race. |

2

|  | B. Plaintiff was qualified for his position.<br><br>C. Plaintiff's was subject to an involuntary termination of his employment because of his race.<br><br>*II. Retaliation – Title VII, Section 1981, NYSHRL and NYCHRL*<br><br>A. Plaintiff was engaged in a protected activity when he complained of race discrimination.<br><br>B. Defendant-employer subjected Plaintiff to an adverse employment action with the involuntary termination of Plaintiff's employment.<br><br>C. Plaintiff was subject to an adverse employment action because of his complaint of race discrimination. |
|---|---|
| Jeffery Fortunato and Thomas Carchidi | *I. Race Discrimination - Section 1981*<br><br>A. Plaintiff, an African-American, in a member of the protected class based on his race.<br><br>B. Defendants Fortunato and Carchidi took affirmative steps to unlawfully discriminate against Plaintiff because of his race.<br><br>C. The actions of Defendants Fortunato and Carchidi caused the involuntary termination of Plaintiff's employment.<br><br>*II. Retaliation – Section 1981*<br><br>A. Defendants Fortunato and Carchidi knew that Plaintiff was engaged in a statutorily protected activity when he complained of race discrimination.<br><br>B. Defendants Fortunato and Carchidi took actions to impede Plaintiff's participation in his protected activity.<br><br>C. The actions of Defendants Fortunato and Carchidi caused the involuntary termination of Plaintiff's employment. |

*Defenses:*

Defendants the Sea Gate Association, Jeffrey Fortunato and Thomas Carchidi state that

Plaintiff was not discriminated against on account of his race or retaliated against for allegedly

complaining about race discrimination. Defendants assert that Plaintiff cannot establish a *prima facie* case of discrimination or retaliation under Title VII, Section 1983, the NYSHRL and the NYCHRL. First, Plaintiff alleges a series of purportedly adverse actions taken by Defendants, which did not result in a material change in the terms and conditions of his employment. Plaintiff alleges that Defendants discriminated against him when (1) his promotion to detective was delayed; (2) he was demoted from Training Coordinator; (3) he was suspended because Fortunato determined that he was not fit for duty"; (4) he received a series of reprimands for sleeping on the job, insubordination[1], and unauthorized computer access and (5) his employment was terminated. With the exception of the termination of Plaintiff's employment, the discriminatory actions alleged by Plaintiff are not adverse actions.

Defendants also assert that Plaintiff cannot establish that any of the allegedly adverse actions took place under circumstances giving rise to the inference of discrimination or retaliation. Each of the allegedly adverse actions taken by Defendants were taken in response to Plaintiff's acts of misconduct. None of the allegedly adverse actions taken by Defendants were taken because of Plaintiff's race or his complaints of alleged race discrimination.

Lastly, even assuming that Plaintiff could establish a *prima face* case of discrimination and/or retaliation, which Defendants dispute, Defendants had legitimate non-discriminatory and non-retaliatory business reasons for its actions and Plaintiff cannot establish pretext. As such, Defendants have not violated Title VII, the NYSHRL, NYCHRL, or Section 1981.

## V. DAMAGES

|  | Category of Damages | Amount |
|---|---|---|
|  |  |  |
| 1. | Lost wages (back-pay) against Sea Gate: | $1,692 |
| 2. | Compensatory Damages against each defendant | $150,000 |

---

[1] Complaint, ¶19

| | | |
|---|---|---|
| | for pain and suffering, humiliation and emotional damages: | ($50,000 x 3) |
| 3. | Punitive Damages against each defendant for deliberate acts of unlawful acts of racial discrimination: | $150,000 ($50,000 x 3) |
| | Sub-total: | $301,692 |
| 4. | Attorney Fees and Costs are undetermined. | |

## VI. TRIAL

The parties have agreed that this matter is to be tried before a jury.  A five (5) day jury trial has been set by the Court.  *See* Trial Management Order (September 17, 2015).

## VII. TRIAL JUDGE

The parties have not unanimously consented to a magistrate judge presiding at trial.

## VIII. STIPULATIONS OR AGREED STATEMENTS OF FACT OR LAW

The parties have agreed on the following stipulations of fact:

1.      Christopher Simmons was hired by the Sea Gate Police Department on June 3, 2008 as a Part-Time Peace Officer.

2.      Christopher Simmons was made a Full Time Peace Officer with the Sea Gate Police Department effective November 5, 2008.

3.      The Law Enforcement Benevolent Association ("LEEBA") was recognized as the exclusive bargaining agent for full time and part time officers employed by the Sea Gate Association.

4.      Christopher Simmons as a peace officer was represented by LEEBA.

5.      LEEBA and the Sea Gate Association entered into a collective bargaining agreement covering the period May 1, 2009 through April 30, 2012.

6.      Christopher Simmons' employment with the Sea Gate Police Department was terminated effective February 16, 2011.

## IX. WITNESSES

The parties have not listed their objections to the opposing party's witnesses listed below as Judge Anne M. Donnelly's Individual Rules do not require that these objections be listed. However, Defendants reserve their right to object to opposing party's fact witnesses at trial and anticipate moving to preclude any testimony from Bernard Kaufman and Richard Miller.

|    | *Plaintiff's Witnesses* | *Expected Testimony* |
|----|-------------------------|----------------------|
| 1. | Jeffery Fortunato Chief of Police Sea Gate Association | As an individually named defendant, his anticipated testimony will center on his direct participation in unlawful termination of Plaintiff's employment. |
| 2. | Thomas Carchidi Sergeant, Sea Gate Police, Sea Gate Association | As an individually named defendant, his anticipated testimony will center on his direct participation in unlawful termination of Plaintiff's employment. |
| 3. | Bernard Kaufman Vice-President, Sea Gate Association | As a corporate officer of Defendant Sea Gate Association, his anticipated testimony will center on the corporate defendant's unlawful termination of Plaintiff's employment. |
| 4. | Richard Miller, Chief Constable Town of Rochester A former employee of Sea Gate's police department. | His testimony will cover the time and attendance of the plaintiff during the time of the discriminatory acts alleged in the complaint and acts of retaliation directed a Plaintiff. |

**Defendants' Witnesses**

Defendants reserve the right to call upon any witness identified by Plaintiff. By identifying the witnesses below, Defendants do not concede that they are all going to be called or that all witnesses listed have relevant testimony. Subject to the foregoing, Defendants may call one or more of the following witnesses to testify in person during the trial:

6

1. **Jeffrey Fortunato**: The address for this witness is c/o Trivella & Forte, LLP, 1311 Mamaroneck Avenue, Suite 170, White Plains, NY 10605. This witness is a named Defendant and is the Chief of the Sea Gate Police Department. He was responsible for the management of the Sea Gate Police Department during the period of Plaintiff's employment. He is expected to testify as a fact witness regarding Plaintiff's allegations of discrimination, unfair treatment and retaliation. His testimony is expected to cover all facts relevant to Defendants' defenses including but not limited to: (i) the overall operation of the Sea Gate Police Department, (ii) the rules, regulations and policies of the Sea Gate Police Department, (iii) reporting procedures at the Sea Gate Police Department, (iv) Plaintiff's duties and responsibilities, (iv) incidents of misconduct by Plaintiff, (v) the disciplinary action taken against Plaintiff, and (vi) the reasons for Defendants' actions.

2. **Thomas Carchidi:** The address for this witness is c/o Trivella & Forte, LLP, 1311 Mamaroneck Avenue, Suite 170, White Plains, NY 10605. This witness is a named Defendant and a former employee of the Sea Gate Police Department. He supervised Plaintiff during his employment with the Sea Gate Police Department. He is expected to testify as a fact witness regarding Plaintiff's allegations of discrimination, unfair treatment and retaliation. His testimony is expected to cover various facts relevant to Defendants' defenses including but not limited to: (i) the rules, regulations and policies of the Sea Gate Police Department, (ii) reporting procedures at the Sea Gate Police Department, (iii) Plaintiff's duties and responsibilities, (iv) Defendant Carchidi's duties and responsibilities as a supervisor, (v) certain statements made by Plaintiff, and (vi) incidents of misconduct by Plaintiff.

3. **Pinchas Dembitzer**: The address for this witness is c/o The Sea Gate Association, 3700 Surf Avenue, Brooklyn, NY 11224. This witness is the former president of

the Sea Gate Association.  He is expected to testify as a fact witness with regard to Plaintiff's

allegations of discrimination, unfair treatment and retaliation.

## X.  DEPOSITION TESTIMONY

None, except in the event of the unavailability of a witness or for impeachment purposes.

## XI. EXHIBITS

1.  Plaintiff's Exhibit List

| Number | Description | Offered Witness | Defendants' Objections |
|---|---|---|---|
| 1. | The Complaint – Second Amended | Plaintiff | |
| 2. | Disorderly Conduct Report by P.O. Simmons April 16, 2009 CS_0002 | Plaintiff | |
| 3. | Memo to Jeffery Fortunato by P.O. Carchidi Re: April 15, 2009 Fire at 3845 Ocean View Ave April 16, 2009 Def 000003 | Thomas Carchidi Plaintiff | |
| 4. | Memo to Sea Gate Assoc. by P.O. Simmons Re: Promotion Request April 19, 2010 CS_0010 | Plaintiff | Defendants' dispute the characterization of this document as a promotion request. |
| 5. | Memo to File by Jeffery Fortunato Re: Erratic Behavior Officer Christopher Simmons April 20, 2010 CS_0011 | Plaintiff and/or Jeffery Fortunato | |
| 6. | Memo to P.O. Simmons Jeffery Fortunato Re: Ordered Physiological Evaluation P.O. Simmons April 20, 2010 CS_0012 | Plaintiff Jeffery Fortunato | |
| 7. | Memo to File by Jeffery Fortunato Re: Telephone Notification | Jeffery Fortunato | |

|   | | | |
|---|---|---|---|
|   | From Police Union regarding P.O. Simmons Incident April 21, 2010 CS_0013 | | |
| 8. | Memo to File to Chief Fortunato by P.O. Simmons Re: Duties of Training Coordinator May 3, 2010 CS_0030 | Plaintiff Jeffery Fortunato | |
| 9. | Memo to Payroll Supervisor by Lt. Walsh Re: Promotion of P.O. Simmons Aug. 5, 2010 Def 000021 | Plaintiff Jeffery Fortunato | |
| 10. | Memo to P.O. Simmons by Chief Fortunato Re: Simmons' Demotion from Training Supervisor Nov. 1, 2010 CS_0022 | Plaintiff Jeffery Fortunato | Defendants' dispute the characterization of this document as reflecting a demotion. |
| 11. | Memo to Chief Fortunato by Sergeant Thomas Re: P.O. Simmons Insubordination Dec. 15, 2010 CS_0020 | Plaintiff Jeffery Fortunato | |
| 12. | Memo to Chief Fortunato by Sergeant Thomas Carchidi Re: P.O. Simmons Failure to Remain Alert Dec. 15, 2010 CS_0019 | Thomas Carchidi Jeffery Fortunato | |
| 13. | Command Discipline Report by Sergeant Thomas Carchidi Re: P.O. Simmons Jan. 20, 2011 CS_0015 | Plaintiff Thomas Carchidi Jeffery Fortunato | |
| 14. | Memo to Chief Fortunato by Sergeant Thomas Carchidi Re: P.O. Simmons Failure to Remain Alert Jan. 20, 2011 CS_0018 | Thomas Carchidi Jeffery Fortunato | |

| 15. | Memo to file by Chief Fortunato Re: Suspension Detective Christopher Simmons Feb. 4, 2011 CS_0046 | Jeffery Fortunato Plaintiff | |
| 16. | Email chain from Jeffery Fortunato to Simmons' current employer Re: Simmons' fraudulent conduct Sept. 16, 2015 CS_0168 | Plaintiff Richard Miller Jeffery Fortunato | Relevance; improper characterization evidence. |
| 17. | Defendants' Response To Plaintiff's First Request For Production Of Documents | Plaintiff | Relevance |
| 18. | Answer To Complaint filed with State Div. of Human Rights Case No. 10145053 Dec. 20, 2010 Def 000227 | Plaintiff Bernard Kaufman Vice-President, Sea Gate Association | Relevance |
| 19. | Answer To Complaint filed with State Div. of Human Rights Case No. 10147265 April 6, 2011 Def 000088 | Plaintiff Bernard Kaufman Vice-President, Sea Gate Association | Relevance |
| 20. | Memo from Sea Gate Police Committee to P.O. Simmons Re: Termination of Employment Feb. 16, 2011 Def 000198 | Jeffery Fortunato Plaintiff Bernard Kaufman Vice-President, Sea Gate Association | |

2. Defendant's Exhibit List

Defendants reserve the right to use any exhibit identified by Plaintiff. By identifying the exhibits below, Defendants do not concede that they all will be used in this action. Subject to the foregoing, Defendants may rely upon the following documents during trial:

| Exhibit No. | Description of Exhibit | Bates No. | Witness Offering Exhibit | Basis of Objection, if any |
| --- | --- | --- | --- | --- |

| A | Collective Bargaining Agreement between the Sea Gate Association and LEEBA covering the period May 1, 2009 through April 30, 2012 | Def 0000109-Def 000127 | Fortunato; Carchidi; Thomas; | |
| B | August 5, 2010 Notice of Promotion – Promotion of Christopher Simmons to Detective | Def 000021 | Fortunato | |
| C | Memorandum and supporting documentation regarding Order for Psychological Fitness for Duty Evaluation. | Def 000010-000014, Def 000020; Def 000161-Def 000164 | Fortunato | |
| D | Grievance Letter from LEEBA regarding psychological evaluation | Def 000166 | Fortunato | |
| E | Response from Police Committee in response to LEEBA grievance regarding psychological evaluation | Def 000167 | Fortunato | Rule § 801, Fed. R. Evid. (Hearsay) |
| F | Sea Gate Association document - Notice of Promotion to Detective | Def 000169 | Fortunato | |
| G | Report dated December 15, 2010 from Sgt. Carchidi to Chief Fortunato, Subject: Off Post-Failure to Remain Alert | Def 000171 | Fortunato; Carchidi | |
| H | Sea Gate Police Department Memorandum To All Sea Gate Personnel Dated September 30, 2008,  Subject: Patrol Monitoring | Def 000173 | Fortunato | |
| I | Report dated December 15, 2010 from Sgt. Thomas to Chief Fortunato and Lt. Walsh, Subject: Det. Simmons, Insubordination | Def 000040 | Fortunato; Thomas | |

| | | | | |
|---|---|---|---|---|
| J | Supervisor Complaint Report Command Discipline dated January 20, 2011 (with attached report), Subject: Failure to Remain Alert | Def 000041-Def 000042 | Fortunato; Carchidi | |
| K | Report dated January 22, 2011 from Sgt. Carchidi to Chief Fortunato, Subject: Unauthorized Use of Departmental Computer | Def 000043 | Fortunato; Carchidi | |
| L | Report dated January 25, 2011 from Sgt. Schulz to Chief Fortunato, Subject: Detective Simmons | Def 000044-Def 000045 | Fortunato | |
| M | Memorandum to File dated February 4, 2011, Subject: Suspension Detective Christopher Simmons | Def 000046-Def 000048 | Fortunato | |
| N | Response from LEEBA to Suspension Memorandum and Amended Response | Def 00049-Def 000051; Def 00059-Def 000061 | Fortunato | |
| O | Termination Letter – Correspondence dated February 16, 2011 from the Sea Gate Association Police Committee to Detective Simmons | Def 000062 | Fortunato | |
| P | National Labor Relations Board Charge Against Employer dated February 10, 2011, filed by Christopher Simmons regarding written discipline in retaliation for filing charges with NLRB | Def 000107 | Fortunato | |
| Q | New York State Division of Human Rights Complaint dated March 4, 2011 | Def 0000075-DEF 000082 | | |
| R | Email Report dated April 17, 2009 from Christopher Simmons to Chief Jeffrey | Def 000146-Def 000148 | Fortunato; Carchidi | |

| | Fortunato, Subject: report | | | |
|---|---|---|---|---|
| S | Report dated April 22, 2009 from Christopher Simmons to Chief J. Fortunato, Subject: Disorderly Conduct | Def 000001-000002 | Fortunato | |
| T | Report dated April 16, 2009 from P.O. Carchidi to Chief Fortunato, Subject: 4/15/09 Fire at 3845 Ocean view Avenue | Def 000003 | Carchidi; Fortunato | |
| U | Report dated April 15, 2009 from Sgt. Eddi to Lt. Walsh, Subject: Residential House Fire 3845 Ocean view Avenue | Def 000004 | Fortunato | |
| V | Report dated April 21, 2009 from P.O. Edwards to Chief Jeffrey Fortunato, Subject: 10-59 Which Occurred April 15, 2009 | Def 000005 | Fortunato | |
| W | Report dated April 19, 2009 from P.O. Hernandez to Lt. Walsh, Subject: Incident regarding residential fire April 15, 2009 | Def 00008 | Fortunato | |
| X | Report dated April 19, 2009 from P.O. Malloy to Lt. Walsh, Subject: Incident regarding residential fire April 15, 2009 | Def 00009 | Fortunato | |
| Y | Sea Gate Police Department report dated November 1, 2010, Subject: Training Supervisor | CS 0022 | Fortunato | |
| Z | New York State Division of Human Rights Complaint dated October 19, 2010 | DEF 000218- Def 000226 | Fortunato | |
| AA | New York State Division of Human Rights Complaint dated February | CS 0077-CS0084 | Fortunato | |

|    |                                                                                                            |                        |           |  |
|----|------------------------------------------------------------------------------------------------------------|------------------------|-----------|--|
|    | 10, 2011                                                                                                   |                        |           |  |
| BB | Sea Gate Police Department Report dated January 27, 2009 from Simmons to Lt. Walsh, Subject: Private Ambulance | CS 0001            | Fortunato |  |
| CC | Correspondence dated April 19, 2010 from Simmons to Sea Gate Association; Subject: Chief J. Fortunato      | CS 0010                | Fortunato |  |
| DD | Correspondence dated May 3, 2010 from Simmons to Sea Gate Association; Subject: Chief J. Fortunato         | CS 0030 - CS0031       | Fortunato |  |
| EE | Correspondence dated December 28, 2010 from Simmons to Fortunato, Subject: Leave of Absence                | CS 00040               | Fortunato |  |
| FF | Email correspondence dated January 5, 2010 from Simons to Bernadette Lamson, Subject: Carchidi             | CS 00041- CS 00043     | Fortunato |  |
| GG | Correspondence dated January 21, 2011 to NYSDR regarding SDHR Charge: 101455053                            | CS00045                | Fortunato |  |
| H  | Second Amended Complaint                                                                                   |                        |           |  |
| II | Transcript of Christopher Simmons taken on June 19, 2014                                                   |                        |           |  |

January 26, 2016          Respectfully submitted,
New York, NY

14

TRIVELLA & FORTE, LLP
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
(914) 949-9075
(914) 949-4752  - Fax
*jonathan@tfsllp.com*
*jael@tfsllp.com*

By: _____
    Jael Dumornay, Esq
    Jonathan M. Bardavid, Esq.
    *Attorneys for Defendants*

LAW OFFICE OF
LOCKSLEY O. WADE, LLC
11 Broadway, Suite 615
New York, NY 10004
(212) 933-9180
(212) 933-9181 - Fax
*wade@wadefirm.com*

By: _____
    Locksley O. Wade, Esq.
    *Attorney for Plaintiff*

15

_____ 2016                                    SO ORDERED,
Brooklyn, NY


                                                         _____
                                                         Judge Ann M. Donnelly
                                                         United States District Judge